IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| RODNEY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:25-cv-02070-JPM-cgc |
| v. | ) | |
| | ) | |
| TRUSTWELL MANAGEMENT OF CORDOVA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT

---

Before the Court is a Motion to Set Aside Entry of Default Judgment filed by Defendant Trustwell Management of Cordova, LLC ("Defendant" or "Trustwell") on April 2, 2025. (ECF No. 18.)[1]  For the reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff Rodney Baker ("Plaintiff" or "Baker") filed his Complaint on January 22, 2025. (See ECF No. 1.)  In the Complaint, Plaintiff represented that Defendant could be served by its registered agent Corporation Service Company, based in Nashville.  (Id. ¶ 2.)  On January 23, 2025, the Clerk of Court entered a deficiency notice for a discrepancy between the electronic filer's log-in information and the electronic signature on the Complaint. (ECF No. 3.)  The deficiency notice directed Plaintiff to correct such within one business day.  (Id.)  Plaintiff did not file a notice of correction, however, until March 11, 2025. (ECF No. 9.)

---

[1] Despite the title of Defendant's Motion, there was no entry of default judgment in the case.  (ECF No. Accordingly, the Court considers the merits of the Motion under the standard to set aside the Clerk of Court's Entries of Default, as there was no entry of default judgment in the case. (See ECF Nos. 11–14.)

Summons were issued on January 23, 2025.  (ECF No. 8.)  Summons were addressed to Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.  (Id. at PageID 24.)  Plaintiff filed proof of service on March 11, 2025, with a receipt of execution to Corporation Service Company on January 28, 2025.  (ECF No. 10 at PageID 43.)  Defendant did not file any response or appearance within twenty-one days of January 28, 2025.  See Fed. R. Civ. P. 12(a)(1)(A).

On March 19, 2025, Plaintiff moved for Default Judgment.  (ECF No. 11.)  The Clerk of Court denied this motion the next day because there was not yet a default entered against Defendant.  (ECF No. 12.)  Later that day, Plaintiff moved for an Entry of Default.  (ECF No. 13.)  The Clerk of Court entered the default on March 21, 2025.  (ECF No. 14.)  Subsequently, the Court set a hearing on damages for May 7, 2024.  (ECF No. 15.)[2]

On April 2, 2025, Defendant appeared for the first time via counsel.  (ECF Nos. 16, 17.)  That same day, Defendant filed the instant Motion to Set Aside Clerk's Entry of Default Judgment.  (ECF Nos. 18 (Mot.), 19 (Memorandum).)  Defendant asserts it was never properly served.  (ECF No. 18 ¶ 10.)  Defendant allegedly did not know about this matter until its CEO "received a copy" of Plaintiff's Motion for Default Judgment, (ECF No. 11), via email on March 25, 2025.  (ECF No. 18 ¶ 12.)  Defendant does not name who sent the CEO this email.  (Cf. id.)  Defendant also allegedly has not received from Plaintiff a copy of Plaintiff's Motion for Entry of Default, (ECF No. 13).  (ECF No. 18 ¶ 12.)

II.    **LEGAL STANDARD**

"The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "The factors for good cause are: (1) whether culpable conduct of the defendant led to the default, (2)

---

[2] On May 5, 2025, upon Defendant's unopposed motion, (see ECF Nos. 27, 28), the Court continued the Damages Hearing pending its ruling in this Order.  (See ECF No. 29 (Text Order).)

whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Courser v. Allard, 969 F.3d 604, 624 (6th Cir. 2020) (citing Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006)).

"Because '[t]rials on the merits are favored in federal courts,' '[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Id. (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983)) (alterations in original).

## III.    ANALYSIS

The Court considers whether to set aside Defendant's default given the three factors above. See Courser, 969 F.3d at 624 (citing Burrell, 434 F.3d at 831).

### A.  Whether Culpable Conduct of Defendant Led to the Default

Under this factor, the Court considers whether Defendant's default was willful. See United Coin, 705 F.2d at 845. "Mere negligence or failure to act reasonably is not enough to sustain a default." United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 327 (6th Cir. 2010). Rather, Defendant "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." Id. (quotation omitted).

Defendant argues they failed to respond because it "was never properly served." (ECF No. 18 ¶ 10.) Defendant points to the summons, which named Corporation Service Company, not Defendant, as the party being served. (Id.; see ECF No. 10 at PageID 43.) Defendant argues the summons failed to give the notice required by Federal Rule of Civil Procedure 4. (See No. 18 ¶ 10 (citing Fed. R. Civ. P. 4(a)(1)(B)).) Defendant furthermore reports that it did not learn of the suit until the March 25, 2025, email to the CEO regarding Plaintiff's first Motion for Default Judgment. (See id. ¶ 12.)

Plaintiff argues Defendant fails to prove its default was not willful.  (See No. 22 at PageID 69.)  Plaintiff argues Defendant failed to prove it did not in fact receive the Complaint it served on its registered agent on January 28, 2025.  (Id.)  Plaintiff further argues that the summons clearly shows Defendant as the "sole" defendant in the case, thus avoiding any confusing based on the summons.  (Id.)

The Court is persuaded Defendant's failure to respond was neither intentional nor in reckless disregard of the judicial proceedings.  See $22,050.00 U.S. Currency, 595 F.3d at 327.  Plaintiff served summons on Defendant's registered agent, Corporation Service Company, on January 28, 2025.  (ECF No. 10 at PageID 43.)  Despite the case caption naming Defendant, the summons was addressed to the registered agent, not Defendant.  (See id.).  Thus, it appears the summons executed on January 28, 2025, which triggered the timeline preceding the Entry of Default,[3] may not have complied with the requirements under Rule 4 to give notice to Defendant about the suit.  See Fed. R. Civ. P. 4(a)(1)(B) (requiring summons to "be directed to the defendant").[4]  Additionally, any doubt regarding Defendant's notice of the suit should be resolved in favor Defendant's motion to set aside.  See Courser, 969 F.3d at 624.  Thus, this factor weighs in favor of setting aside the Entry of Default.  See $22,050.00 U.S. Currency, 595 F.3d at 327.

## B. Whether Default Defendants Have a Meritorious Defense

Under this factor, the Court examines whether Defendant has "state[d] a defense good at law."  See United Coin, 705 F.2d at 845.  If so, then they have advanced a meritorious defense.

---

[3] Defendant also raises an argument regarding the timeline preceding the entry of default as insufficient.  (See ECF No. 18 ¶ 11.)  The Court does not consider this argument as it does not concern Defendant's conduct leading to the default.  See United Coin, 705 F.2d at 845.
[4] Given Defendant's asserted defense regarding jurisdictional issues, (see ECF No. 19 ¶ 9), the Court withholds ruling on the merits of this issue at this time.

Id.  At the set-aside-default stage, such a meritorious defense need not present "detailed factual allegations"; a mere "'hint of a suggestion' which, proven at trial, would constitute a complete defense" suffices.  See $22,050.00 U.S. Currency, 595 F.3d at 326.

Defendant asserts that it has meritorious defenses to Plaintiff's Complaint that it wishes to present to the Court.  (ECF No. 18 ¶ 13.)  In its supporting memorandum, Defendant argues that "the narrative presented by Plaintiff is inaccurate," which it can show though "information and documentation."  (ECF No. 19 ¶ 8.)  Defendant also "notes that there are potentially dispositive jurisdictional matters for the Court to consider."  (Id. ¶ 9.)

Plaintiff argues Defendant's "conclusory and vague argument regarding its meritorious defenses" constitutes a waiver of any defense.  (ECF No. 22 at PageID 70–71.)

The Court finds this factor weighs in favor of setting aside the Entry of Default. Defendant's assertions regarding jurisdiction and inaccuracies in Plaintiff's narratives constitute "a hint of a suggestion" which meets the low threshold of stating a meritorious defense to set aside an entry of default.  (See ECF No. 19 ¶¶ 8–9); $22,050.00 U.S. Currency, 595 F.3d at 326.

**C.  Whether Plaintiffs Will Be Prejudiced**

Under this factor, the Court considers whether "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." First Tenn. Bank Nat'l Ass'n v. MJW, Inc., No. 2:19-cv-02441-SHM-tmp, 2020 WL 426497, at *2 (W.D. Tenn. Jan. 27, 2020) (quoting Dassault Systemes, SA v. Childress, 663 F.3d 832, 842 (6th Cir. 2011)).  Neither delay alone, nor increased litigation costs, generally support a finding of prejudice.  Id.

Plaintiff states he "will continue to be prejudiced" if Defendant's Motion is granted, pointing to his required participation in the Equal Employment Opportunity Commission's

process prior to filing his Complaint.  (See ECF No. 22 at PageID 70.)  Defendant counters that any delay in the instant case has been caused by Plaintiff's errors.  (ECF No. 26 at PageID 81.)

The Court finds this factor also weighs in favor of setting aside the Entry of Default. Because the case is in its early stages and discovery has not yet begun, Plaintiff will not be prejudiced by setting aside the Entry of Default.  See Miles v. Shelby Cnty. Crim. Just. Ctr., No. 2:19-cv-2241-SHM-cgc, 2022 WL 584662, at *1 (W.D. Tenn. Feb. 25, 2022).  Furthermore, delay alone as presented by Plaintiff is insufficient to support a finding of prejudice.  See First Tenn. Bank Nat'l Ass'n, 2020 WL 426497, at *2.

## IV.    CONCLUSION

For the reasons discussed above, the Court finds setting aside the Entry of Default, (ECF No. 14), against Defendant is warranted.  See 705 F.2d at 846.  Defendant's Motion is therefore **GRANTED**.  The Court **SETS ASIDE** the Entry of Default.  The Damages Hearing, previously set for May 7, 2025, is **STRUCK** from the Court's calendar.

Defendant has voluntarily waived service of process effective as of the Court's Order on the Motion to Set Aside.  (ECF No. 18 at PageID 59.)  Accordingly, Defendant shall have up to and through **May 30, 2025,** to file its responsive pleading.

**SO ORDERED**, this 9th day of May, 2025.


/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE